## WILSON BROS. & CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 11980.

United States Court of Appeals
Ninth Circuit.

Nov. 2, 1948.

George M. Naus, of San Francisco, Cal., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., and George A. Stinson, Ellis N. Slack and Newton K. Fox, Sp. Assts. to the Atty. Gen., for respondent.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

ORR, Circuit Judge.

This cause is before us on a petition for a review of a decision of the Tax Court making a redetermination of deficiencies determined by the commissioner of per-

424

sonal holding company surtax for the calendar years 1938 to 1942. It is conceded that petitioner is a personal holding company as defined by § 501 of the Internal Revenue Code, 26 U.S.C.A.

The Tax Court affirmed a determination of the Commissioner of Internal Revenue that for the purpose of computing the personal holding company surtax the petitioner was not entitled to deduct, under the provisions of § 505(b) of the Internal Revenue Code,[1] amounts claimed for depreciation and expenses of two boats for the years 1938 to 1942, inclusive. Deficiencies determined by the Commissioner were substantially reduced by the Tax Court.

The corporation was organized in 1928, and was engaged in lumber mill operations until 1938, after which time its only business was the care of securities held by it and the collection of dividends and rent. The two boats in question were transferred to the petitioner corporation shortly after its inception, but were "laid up" in 1929 after serving for several months as transporters of lumber to various ports on the West Coast. Thereafter the corporation sought purchasers or lessees for the boats. Although several offers were received, no disposition of the vessels was effected. They have been kept moored and have remained under the care of a watchman who has been responsible for their maintenance. No rent or other compensation for the use of the boats has been received since they were withdrawn from use in 1929.

Petitioner was unable to establish to the satisfaction of the Commissioner that it came within either or all of the three conditions contained in § 505(b). In fact, petitioner admits that the decision of the Tax

Court, based on a literal reading of the applicable provisions of the Internal Revenue Code is correct, but insists that § 505(b) should be construed and applied in accord with its spirit rather than its letter. His argument is that a construction of § 505(b) in accord with its purpose rather than its letter would require a deduction in computing the income tax of a personal holding company wherever a deduction is allowed for an individual. The legislative history of the act is set out at length in petitioner's brief and it is argued that a business such as conducted by petitioner was intended by Congress not to lie within the application of § 505(b).

■ The premise to this argument is that the adoption of § 505(b) in 1937 envisaged no more than a means of preventing individuals from escaping the full amount of their income tax liability through the device of transferring property not subject to deduction under § 23, relating to personal income tax, to wholly owned corporations and taking depreciation and expense deductions from the corporate income tax liability. In the instant case it is urged that an individual owner of the two boats would have been entitled to deductions for maintenance expenses and depreciation under §§ 23(a)(2) and 23 (l) of the Internal Revenue Code, 26 U.S. C.A. §§ 23(a)(2) and 23(l).

Arguments of a similar nature have been made in other cases. We think a clear, satisfactory and complete answer to the contention was made in the case of O'Sullivan Rubber Co. v. Commissioner, 2 Cir., 120 F.2d 845, 847. We concur in the statement of that court "that Congress, in correcting an evil, is not narrowly con-

---

[1] § 505(b) of the Internal Revenue Code, 26 U.S.C.A. § 505(b), is as follows:

"(b) Deductions not allowed. The aggregate of the deductions allowed under section 23 (a), relating to expenses, and section 23 (l), relating to depreciation, which are allocable to the operation and maintenance of property owned or operated by the corporation, shall be allowed only in an amount equal to the rent or other compensation received for the use of, or the right to use, the property, unless it is established (under regulations prescribed by the Commissioner

with the approval of the Secretary) to the satisfaction of the Commissioner:

"(1) That the rent or other compensation received was the highest obtainable, or, if none was received, that none was obtainable;

"(2) That the property was held in the course of a business carried on bona fide for profit; and

"(3) Either that there was reasonable expectation that the operation of the property would result in a profit, or that the property was necessary to the conduct of the business."

fined to the specific instances which suggested the remedy."

Prior to 1942 an individual owner of boats held as were the boats in this case would have been unable to take depreciation and expense deductions because the vessels were not used in a trade or business. In that year § 23(a)(2) and § 23 (*l*)[2] of the code, 26 U.S.C.A. §§ 23(a)(2) and 23 (*l*), were amended, Revenue Act 1942, § 121(a, c), to allow such deductions for property held for the production of income; however, the amending statute referred expressly to individuals. No change was made in the case of personal holding companies.

The failure to alter the provisions of § 505(b) in 1942 is significant of a Congressional intent contrary to that suggested by petitioner. That individual income taxes are to be differentiated from personal holding company income taxes is made apparent by §§ 505(c) and 505(d) which deny deductions to the latter for net loss carry-over and capital loss carry-over in spite of the individual being able to take advantage of these deductions. The 1942 amendments to § 23 extended the differentiation to depreciation and expense deductions.

Petitioner cites cases in support of the thesis that statutes should be construed to incorporate the intent of Congress and to avoid absurd results. The cases so cited deal with broad statutory language as applied to situations that were patently not within a reasonable interpretation of the apparent statutory policy. Section 505(b), however, is explicit in terms, and evinces a reasonable intent on the part of Congress to distinguish between personal holding companies and other taxpayers. That the particular instance which gave rise to § 505(b) is not presented by these facts

does not militate against its application to them. O'Sullivan Rubber Co. v. Commissioner, supra.

The decision of the Tax Court is affirmed.

---

[2] §§ 23(a) (2) and 23 (*l*) of the Internal Revenue Code, 26 U.S.C.A. §§ 23(a) (2) and 23 (*l*) are as follows:

§ 23. Deductions from gross income
* * *

"(a) Expenses * * *

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or

for the management, conservation, or maintenance of property held for the production of income.
* * * * * * *

"(*l*) Depreciation. A reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

"(1) * * *

"(2) of property held for the production of income."