Curtis Blinsinger and Ruth Blinsinger v. Commissioner.
Blinsinger v. Commissioner
Docket No. 1584-63.
United States Tax Court
T.C. Memo 1964-331; 1964 Tax Ct. Memo LEXIS 7; 23 T.C.M. (CCH) 2054; T.C.M. (RIA) 64331; December 24, 1964
*7 Held, that $6,495.69 advanced to petitioner Curtis Blinsinger in 1959, and debited by the corporation to petitioner on the books of the corporation and designated as "Curtis Blinsinger - Loan Account", was a distribution of earnings and profits of the corporation within the meaning of section 316, I.R.C. 1954, and constituted dividends taxable to petitioner in 1959. John F. Lake, 709 Market St., Camden, N.J., for the petitioners. S. T. Reiner, for the respondent. *8 BLACK has determined a deficiency in petitioners' income tax for the year 1959 of $1,782.36. The deficiency is due to the addition to income reported on petitioners' return for the year 1959 of "(a) Dividend income $6,445.69." The adjustment is explained in the deficiency notice as follows: (a) It is determined that your withdrawals from Curt Blinsinger, Inc., aggregating $6,495.69 for the taxable year ended December 31, 1959, no part of which was reported as income by you, constitute taxable dividends within the purview of sections 301 and 316 of the Internal Revenue Code of 1954. The above amount is reduced by a $50.00 dividend exclusion. By appropriate assignments of error petitioners, with respect to the adjustment made by the Commissioner in his deficiency notice, contend as follows: a. The respondent erred in determining that certain withdrawals from Curt Blinsinger, Inc. in net amount of $6,495.69 during the calendar year ended December 31, 1959, constitute taxable dividends within the purview of Sections 301 and 316 of the Internal Revenue Code of 1954. b. The petitioners contend that the said withdrawals were in *9 fact loans made by Curt Blinsinger, Inc. to the petitioner, Curtis Blinsinger, which do not represent taxable gross income within the meaning of Section 61 of the Internal Revenue Code of 1954. Findings of Fact A stipulation of facts, together with exhibits attached thereto, was filed at the hearing and is incorporated herein by this reference. There was some oral testimony. From the stipulation of facts and oral testimony we make the following findings of fact: Petitioners Curtis Blinsinger and Ruth Blinsinger were husband and wife during the year involved, 1959. Curtis resided at Kresson Road, Marlton, N. J.; Ruth resided at Barnegat Light, Ocean County, N. J. Curtis will sometimes hereinafter be referred to as petitioner. The original and amended returns for the taxable year 1959 were filed with the district director of internal revenue at Camden, N. J.
Petitioner was majority stockholder and president of Curt Blinsinger, Inc., a New Jersey corporation, owning 60 percent of the stock in said corporation in his own name. The corporation was formed in the year 1956 and is in the heating and air conditioning contracting business. During the year 1959 *10 the corporation paid petitioner $15,600 as a salary for his services as president of the corporation. That salary is not here in controversy. During the taxable year 1959 the corporation leased a workshop and equipment from petitioner for $450 per month. During the taxable year 1959 petitioner had total withdrawals from the corporation in excess of his salary in the amount of $12,570.69, which withdrawals were debited on the corporate books to an account denominated "Curtis Blinsinger - Loan Account." There was credited to the corporate account "Curtis Blinsinger - Loan Account" as of December 31, 1959, $5,400 for rent, $175 cash, and $500 as the value of equipment transferred from petitioner to the corporation. The excess debits over credits in the corporate account "Curtis Blinsinger - Loan Account" during the year 1959 was $6,495.69. The withdrawals from the corporation which were debited to the account denominated "Curtis Blinsinger - Loan Account" were made principally by check. The debits reflected in the account denominated "Curtis Blinsinger - Loan Account" were for checks which were issued by the corporation in payment of the personal obligations of petitioner. *11 The stockholders of the corporation during the year 1959 were Curtis Blinsinger, Ruth Blinsinger, and Nancy Klumff. Petitioner executed no evidence of indebtedness to the corporation for the withdrawals made which were debited to the account "Curtis Blinsinger - Loan Account" nor was any security pledged to the corporation by petitioner as collateral. Petitioner paid no interest on the alleged loans nor was any interest required to be paid by him to the corporation. The corporation did not declare any dividends during the taxable year 1959 nor had it declared any dividends in prior years. The corporation had during the taxable year 1959 both earned surplus and current earnings and profits in excess of the amounts here at issue. The corporation had outstanding loans from commercial sources as of December 31, 1959, in the amount of $12,789.43. The corporation paid in interest expense to commercial lending institutions in the year 1959 the amount of $2,078.58. Opinion BLACK, Judge: During the taxable year 1959 petitioner was president and principal stockholder of a corporation, Curt Blinsinger, Inc. Substantial withdrawals from the corporation, in addition to his salary, *12 were made by petitioner for payments to his creditors. Petitioner's salary account is not here involved. The withdrawals were debited on the corporate records to an account denominated "Curtis Blinsinger - Loan Account." An entry was made as of December 31, 1959, crediting certain amounts to this account. The excess in debits over credits in the account in the year 1959 was $6,495.69. The respondent contends that the evidence in this case indicates that payments made by the corporation, either directly to petitioner or to the creditors of petitioner in the year 1959 over and above the credits to said account, were distributions of corporate earnings and profits to petitioner, thereby constituting a dividend within the meaning of section 316, I.R.C. 1954, printed in the margin. [1]
*13 On the other hand, petitioner contends that the amounts charged to him on the loan account were actually loans and not a distribution of profits as respondent has determined. It will be unnecessary to restate the facts; they have been rather fully stated, we think, in our Findings of Fact. Whether withdrawals from a corporation by a stockholder represent loans or taxable distributions depends upon all the facts and circumstances surrounding the transaction. Elliott J. Roschuni, 29 T.C. 1193 (1958), affd. per curiam 271 F. 2d 267 (C.A. 5, 1959), certiorari denied 362 U.S. 988 (1960). See also W. T. Wilson, 10 T.C. 251 (1948), affd. sub nom. Wilson Bros & Co. v. Commissioner, 170 F. 2d 423 (C.A. 9, 1948), certiorari denied 336 U.S. 909 (1949). It requires no citation of authorities for the well-known principle that the determination of the Commissioner is presumed to be correct and that the burden of proof rests upon petitioner to show that it is incorrect. We do not think that petitioner has met his burden of proof to show that the determination of the Commissioner is incorrect. On the contrary, we *14 think that the facts which we have included in our Findings of Fact show that the amounts in question represented dividends to petitioner in 1959 as defined in section 316, supra. On this, the only issue in the case, we hold for the respondent. Decision will be entered for the respondent. Footnotes
1. SEC. 316. DIVIDEND DEFINED. (a) General Rule. - For purposes of this subtitle, the term "dividend" means any distribution of property made by a corporation to its shareholders - (1) out of its earnings and profits accumulated after February 28, 1913, or (2) out of its earnings and profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made. Except as otherwise provided in this subtitle, every distribution is made out of earnings and profits to the extent thereof, and from the most recently accumulated earnings and profits. To the extent that any distribution is, under any provision of this subchapter, treated as a distribution of property to which section 301↩ applies, such distribution shall be treated as a distribution of property for purposes of this subsection.